■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant. [727 NYS2d 881] —Judgment, Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing; Laura Drager, J., at plea and sentence), rendered January 7, 1998, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him as a second felony offender to a term of 6 years to life, unanimously reversed, on the law, the judgment vacated, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent,

with leave during this 30-day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was arrested after being stopped at a roadblock. As developed at the suppression hearing, the People's witnesses asserted that the roadblock was established for varying reasons, stating that the relevant geographic area was plagued by a recent increase in crime that included taxi/livery robberies, carjackings, and violent crimes such as shootings, homicides, and assaults. At another juncture, it was indicated that the roadblock was established to suppress crime generally, although, according to at least one witness's Grand Jury testimony, the roadblock was established to conduct a safety inspection for licenses and vehicle registrations.

According to the People, the roadblock at issue was constitutionally permissible because its primary purpose was aimed at detecting carjackings and taxi/livery robberies. Assuming, without deciding, that the use of roadblocks for such purposes is not precluded by the United States Supreme Court's recent decision in *City of Indianapolis v Edmond* (531 US 32 [general interest in crime control insufficient to support suspicionless stops]), suppression is nevertheless required.

In meeting their initial burden of demonstrating the lawfulness of the seizure, the People were obligated, *inter alia*, to demonstrate the gravity of the public concern that would be served by the roadblock (*see, Matter of Muhammad F.*, 94 NY2d 136, 142, *cert denied* 531 US 1044; *People v Scott*, 63 NY2d 518, 525). Although, as noted, the People's witnesses testified that the relevant locality suffered from an increase in various crimes, they offered only generalized assertions to support this claim (*cf., Matter of Muhammad F., supra; People v John BB.*, 56 NY2d 482, *cert denied* 459 US 1010). This was insufficient to meet their initial burden. In view of the foregoing, we do not reach defendant's remaining contentions. Concur—Sullivan, P. J., Nardelli, Williams, Saxe and Friedman, JJ.